UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BARBARA C. WILLIAMS, <br> BRIAN P. WILLIAMS, <br><br> Plaintiffs, <br><br> v. <br><br> TODD J. BROWN, <br> CINCINNATI INSURANCE COMPANY, <br> UNITED STATES OF AMERICA, <br><br> Defendants. | No. 3:18-cv-00207-JPH-DLP |

**ORDER DENYING MOTION TO REMAND, DENYING MOTION TO DISMISS, AND DIRECTING FURTHER PROCEEDINGS**

Barbara Williams and her husband, Brian Williams, brought this suit in state court after Ms. Williams was hit by a motor vehicle driven by Todd Brown. The United States removed the case to this Court and substituted itself as a defendant, certifying that Mr. Brown was a federal employee acting within the scope of his employment at the time of the accident. Plaintiffs have filed a motion to remand, the government has filed a motion for summary judgment, and the other defendant, Cincinnati Insurance Company, has filed a motion to dismiss. For the reasons that follow, all of those motions are **DENIED**.

**I.
Facts and Background**

On October 6, 2016, Barbara Williams was hit by a motor vehicle as she crossed a street near the Federal Building in New Albany, Indiana. Dkt. 1-1 at 2 ¶ 5. The collision caused her physical injures and mental and emotional distress. *Id.* ¶ 7.

1

On October 2, 2018, Plaintiffs sued Todd Brown—the driver of the vehicle—alleging that his negligence caused their injuries. *Id.* ¶¶ 6, 8-12. They also sued their insurance company, Cincinnati Insurance Company, alleging that Mr. Brown either did not have insurance or was underinsured so Cincinnati Insurance's uninsured or underinsured motorist policies should cover their claim. *Id.* ¶¶ 18-22.

On October 29, 2018, the United States removed the case to federal court. Dkt. 1. That same day, the government filed a Notice of Substitution of the United States as Defendant stating that Mr. Brown was an FBI agent, and at the time of the accident, he was "acting within the scope of his employment with the FBI" (the "Certification"). Dkt. 3 at 2. The government then substituted itself as a defendant in place of Mr. Brown under the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679 (the "Act"). *Id.* at 1.

The next month, Plaintiffs filed a Motion for Remand and to Stay Proceedings, dkt. 16, the government filed a Motion for Summary Judgment on Failure to Exhaust Defense, dkt. 18, and Cincinnati Insurance filed a Motion to Dismiss, dkt. 21. Because these motions address the same set of facts, the Court addresses all three motions.

## II.
## Plaintiffs' Motion to Remand or Stay

**A. Applicable Law**

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

**B.     Analysis**

The government removed this case under section 2679(d)(2) of the Act. Dkt. 1 ¶ 5. Plaintiffs have filed a motion to remand the case, arguing that if the Court decides that Mr. Brown acted outside the scope of his employment, the Court must remand the case back to state court. Dkt. 26 at 2. The government responds that whatever the Court's ruling regarding the scope-of-employment issue, the case cannot be remanded because it filed the Certification. Dkt. 20 at 2-3.

Under section 2679(d)(2), when the government certifies that a defendant was a federal employee acting within the scope of employment at the time of an accident, a "claim in a State court shall be removed . . . to the district court of the United States." The government's certification "shall conclusively establish scope of office or employment for purposes of removal." *Id.*

Even if the Court concludes that the government's Certification was wrong, the case would remain in federal court. *Osborn v. Haley*, 549 U.S. 225, 241 (2007). Once removed, the Court cannot remand this case because "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Id.*

3

Plaintiffs cite section 2679(d)(3) to argue that the Court must remand the case if it decides Mr. Brown was not acting within the scope of his employment. Dkt. 26 at 2 (citing 28 U.S.C. § 2679(d)(3)). Section (d)(3) applies when the government "has refused to certify scope of office or employment under this section." 28 U.S.C. § 2679(d)(3). In contrast, section (d)(2) applies when the government has certified that the employee was acting within the scope of employment. *Id.* § 2679(d)(2). Here, the government certified that Mr. Brown was acting within the scope of his employment at the time of the accident. Dkt. 3. Therefore, section (d)(2) applies and certification is conclusive for the purposes of removal. *Id.*; *see also Osborn*, 549 U.S. at 241; *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 896-97 (7th Cir. 2007).

Plaintiffs also ask the Court to remand or stay "until the administrative action" is resolved. Dkt. 16 at 3 ¶ 11; dkt. 26 at 2-3 (citing *Chambly v. Lindy*, 601 F. Supp. 959, 962 (N.D. Ind. 1985)). But the Act states that removal under 28 U.S.C. § 2679(d)(2) is conclusive and does not have an exception for remanding a case to allow a plaintiff to resolve pending administrative actions. *Chambly* is not binding on this Court, and its holding is not persuasive because its "flexible approach" to exhausting administrative remedies, *Chambly*, 601 F. Supp. at 963, was implicitly rejected by the Supreme Court in *McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that the Federal Tort Claims Act "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Therefore, the Court **DENIES** Plaintiffs' motion to remand. Dkt. [16].

# III.
# The Government's Motion for Summary Judgment

**A.     Applicable Law**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

**B.     Analysis**

The government alleges that it is entitled to summary judgment on Plaintiffs' claims because Plaintiffs failed to exhaust their administrative remedies before bringing their lawsuit. Dkt. 19 at 1-2. Plaintiffs argue that exhaustion may not be required because Mr. Brown may not have been acting within the scope of his employment when the accident occurred. Dkt. 36 at 2.

The Federal Tort Claims Act ("FTCA") requires a plaintiff to exhaust administrative remedies with the appropriate federal agency before bringing a claim against the United States for damages for an injury caused by a federal employee acting within the scope of employment. 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 113. If a plaintiff fails to exhaust administrative remedies, the case must be dismissed. *McNeil*, 508 U.S. at 113.

Exhausting administrative remedies is required only when the plaintiff brings a "claim against the United States." 28 U.S.C. § 2675(a). If a plaintiff brings a suit against a federal employee as an individual, however, the United States Attorney General (or his delegate) may certify that an employee was acting within the scope of his or her employment at the time of the incident. *See id.* § 2679(d)(1). Upon this certification, the United States is substituted as a defendant in place of the employee and the requirement to exhaust administrative remedies under the FTCA then applies. *Id.* § 2679(d)(1); *Alexander*, 484 F.3d at 891-92.

But the government's Certification is subject to judicial review. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 427 (1995). If the court concludes that the scope-of-employment certification was incorrect, the court may resubstitute the federal employee as a defendant in the case. *Osborn*, 548 U.S. at 242. Thus, the court—not the government—ultimately decides whether the employee was acting within the scope of employment at the time of the accident. *Lamagno*, 515 U.S. at 420.

Here, the parties' dispute turns on whether Plaintiffs were required to exhaust their administrative remedies before bringing their lawsuit. Exhaustion of administrative remedies is required only when the United States is a defendant. 28 U.S.C. § 2675(a). Determining whether the United States is the proper defendant turns on whether Mr. Brown was acting within the scope of his employment at the time of the accident so resolution of the government's motion for summary judgment requires judicial review of its Certification.

6

The Court is not in a position to decide this question on the current record. Neither party has provided briefing or designated evidence addressing whether Mr. Brown was acting within the scope of his employment at the time of the incident. Without this material, the Court cannot resolve the scope-of-employment question.

The government argues that Plaintiffs have not challenged the government's claim that Mr. Brown was acting within the scope of his employment. Dkt. 42 at 9. While that is true, Plaintiffs aptly respond that they have "no way of knowing whether Mr. Brown had acted within the course and scope of his employment on the day of the incident." Dkt. 36 at 7. Indeed, the government filed its motion for summary judgment one month after it substituted itself into the case—too soon for the parties to conduct discovery on the scope-of-employment question.

Plaintiffs therefore request that the Court deny the government's motion as premature so they can conduct discovery on the issue of whether Mr. Brown was acting within the scope of his employment at the time of the accident. *Id.* The Court **GRANTS** this request. Before the Court can resolve the government's motion for summary judgment, it must first decide whether Mr. Brown was acting within the scope of his employment at the time of the accident. If the Court finds that the United States was not properly substituted, then there is no exhaustion requirement; if the Court finds that the United States is a proper defendant because Mr. Brown was acting in the scope of his employment, then the United States may renew its motion to for

summary judgment. *See Lagarde v. United States*, No. 10-cv-4004, 2010 WL 2891677, at *4 (C.D. Ill. July 20, 2010). The government's motion for summary judgment is therefore **DENIED without prejudice as premature**. Dkt. [18]. Plaintiffs' motion for oral argument on the government's motion is **DENIED as moot**. Dkt. [38].

## IV.
## Cincinnati Insurance's Motion to Dismiss

### A. Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

### B. Analysis

Plaintiffs allege that at the time of the accident, Mr. Brown was either an underinsured or uninsured motorist, so Cincinnati Insurance's insurance

policies for uninsured and underinsured motorists should cover their claim. Dkt. 1-1 at 4-5 ¶¶ 18-22. In its motion to dismiss, Cincinnati Insurance argues that two exclusions in its policies foreclose Plaintiffs' claims. Dkt. 22 at 2-5; dkt. 22-1.

Plaintiffs' insurance policies through Cincinnati Insurance included coverage for uninsured and underinsured motorists. Dkt. 22-1. The uninsured motorist policy excluded coverage for any motor vehicle that is "owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer which is or becomes insolvent" (the "Self-Insured Exclusion"). Dkt. 22-1 at 2. It also excluded any motor vehicle "owned by any governmental unit or agency while being used in an authorized manner" (the "Government-Vehicle Exclusion"). *Id.* The underinsured motorist policy included similar exclusions.[1] Cincinnati Insurance argues that since the United States is a defendant in the case, both of these exclusions apply and "Plaintiffs cannot recover under these policies." Dkt. 22 at 2, 4-5.

The Court cannot determine on the record before it whether these exclusions apply. The Self-Insured Exclusion applies if the *owner* of the motor vehicle was self-insured.[2] Dkt. 22-1 at 2, 4. Similarly, the Government-Vehicle Exclusion applies if the *owner* of the motor vehicle was a government agency. *Id.* The complaint does not identify who owned the vehicle that Mr.

---

[1] The underinsured motorist policy excluded motor vehicles that are "owned or operated by a self-insurer under any applicable motor vehicle law" and motor vehicles that are "owned by any governmental unit or agency." Dkt. 22-1 at 4.
[2] It also applies if the *operator* was self-insured, but Cincinnati Insurance does not argue that Mr. Brown, the operator of the vehicle, was self-insured. Dkt. 22-1 at 2, 4.

9

Brown was driving when the accident occurred so the Court cannot determine whether either exclusion applies.

Cincinnati Insurance's motion assumes that when the United States was substituted as a defendant, the Self-Insured Exclusion and Government-Vehicle Exclusion applied. But the application of these exclusions is based on whether a self-insured or government entity *owns* the vehicle, not whether a self-insured or government entity is listed as a defendant in a lawsuit. The scope of these exclusions has nothing to do with whether the United States is a proper party to this case.

The facts alleged in Plaintiffs' complaint state a claim against Cincinnati Insurance, and Cincinnati Insurance has not established that the claim is foreclosed by Self-Insured Exclusion or the Government-Vehicle Exclusion in their insurance policies. Therefore, Cincinnati Insurance's motion to dismiss is **DENIED**. Dkt. [21]. Plaintiffs' motion for oral argument on Cincinnati Insurance's motion is **DENIED as moot**. Dkt. [39].

**V.
Conclusion**

Plaintiffs' Motion to Remand is **DENIED**. Dkt. [16]. The government's motion for summary judgment is **DENIED without prejudice as premature**. Dkt. [18]. Cincinnati Insurance's motion to dismiss is **DENIED**. Dkt. [21]. Plaintiffs' motions for oral argument are **DENIED as moot**. Dkt. [38]; dkt. [39]. A briefing schedule on the scope-of-employment issue will be set by separate order.

**SO ORDERED.**

Date: 9/20/2019

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Jeffrey W. Ahlers
KAHN DEES DONOVAN & KAHN
jahlers@kddk.com

Danny E. Glass
FINE & HATFIELD
deg@fine-hatfield.com

John J. Kreighbaum
FINE & HATFIELD
jjk@fine-hatfield.com

Lara K. Langeneckert
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lara.langeneckert@usdoj.gov

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov

Joshua Richard Trockman
KAHN DEES DONOVAN & KAHN LLP
jtrockman@kddk.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov